**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| MOBILITY WORKX, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 7:26-CV-00180-DC-DTG |
| | § | |
| ANALOG DEVICES, INC. | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

**JOINT NOTICE TO DISMISS CERTAIN CLAIMS**

Pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.4—Patent Cases, Section VII, Plaintiff Mobility Workx, LLC ("Plaintiff") and Defendant Analog Devices, Inc. ("Defendant") (collectively with Plaintiff, the "Parties"), hereby notify the Court that the Parties met and conferred on May 29, 2026, and have reached agreement regarding dismissal, without prejudice, of certain infringement claims and related allegations in the Complaint, as set forth below.

Plaintiff stipulates to, and hereby does, dismiss without prejudice any allegations of pre-suit indirect infringement and pre-suit willful infringement of U.S. Patent No. 7,697,508. Under this agreement, Defendant will not oppose a timely motion to amend the Complaint to re-plead those allegations with specificity, if supported by a good faith basis under Rule 11, within three months after fact discovery opens. The Parties agree to permit fact discovery on pre-suit indirect infringement and pre-suit willful infringement during those three months.

Because Plaintiff's infringement allegations for U.S. Patent Nos. 7,231,330 and 8,213,417 (both of which expired prior to the filing of the Complaint in this case) would be based on indirect infringement, Plaintiff stipulates to, and hereby does, dismiss without prejudice any allegations of

infringement of U.S. Patent Nos. 7,231,330 and 8,213,417. Defendant will not oppose a timely motion to amend the Complaint to re-plead those allegations with specificity, if supported by a good faith basis under Rule 11, within three months after fact discovery opens. Defendant agrees that fact discovery on pre-expiration knowledge of the '330 patent and '417 patent will be permitted during those three months.

Dated: June 2, 2026

/s/ Daniel Ravicher
Daniel Ravicher (Bar No. 3956000)
ZEISLER PLLC
80 SW 8th St Suite 3110
Miami, FL 33130
Phone: (786) 505-1205
dan@zeisler-law.com

Counsel for Plaintiff Mobility Workx, LLC

Respectfully submitted,

/s/ Matthew S. Yungwirth
Gilbert A. Greene (TX Bar #24045976)
BGreene@duanemorris.com
**DUANE MORRIS LLP**
2801 Via Fortuna, Suite 200, Terrace 7
Austin, TX 78746-7567
Telephone: (512) 277-2246
Facsimile: (512) 597-0703

Matthew S. Yungwirth
msyungwirth@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree St, Ste. 1700
Atlanta, GA 30309-3929
Telephone: (404) 253-6900
Facsimile: (404) 253-6901

Counsel for Analog Devices, Inc.

2

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the Parties conferred and agreed to file this joint notice.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules CV-5 on June 2, 2026. As such, this document was served on all counsel of record who have appeared in this case via the Court's CM/ECF system pursuant to Local Rule CV-5.

*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth

3